IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE M. BUROARA,

    Plaintiff,

  v.

SAN QUENTIN STATE PRISON,

    Defendant.
                                     /

No. C 07-00616 CW (PR)

ORDER OF DISMISSAL

    Plaintiff, a state prisoner, has filed a pro se complaint under 42 U.S.C. § 1983.  He also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.  Plaintiff has not exhausted California's prison administrative process, however.

    The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  Id. (citation omitted).  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a

prerequisite to suit.  Id.; Booth v. Churner, 532 U.S. 731, 741 (2001).  Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  Porter, 534 U.S. at 532.  PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies.  Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006).

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional officers/officials.  Id. § 3084.1(e).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form; (3) second level appeal to the institution head or designee; and (4) third level appeal to the Director of the California Department of Corrections.  Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a).  Id. at 1237-38.

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendant(s) in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12 (b).  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  However, a

2

1  complaint may be dismissed by the court for failure to exhaust if a
2  prisoner "conce[des] to nonexhaustion" and "no exception to
3  exhaustion applies."  Id. at 1120.  Here, Plaintiff concedes he has
4  not exhausted his administrative remedies.  Plaintiff has not
5  presented any extraordinary circumstances which might compel that
6  he be excused from complying with PLRA's exhaustion requirement.
7  Cf. Booth, 532 U.S. at 741 n.6 (courts should not read "futility or
8  other exceptions" into § 1997e(a)).
9       Accordingly, Plaintiff's request to proceed in forma pauperis
10 is DENIED, and the complaint is DISMISSED without prejudice to
11 refiling after exhausting California's prison administrative
12 process.  See McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.
13 2002) (action must be dismissed without prejudice unless prisoner
14 exhausted available administrative remedies before he filed suit,
15 even if prisoner fully exhausts while the suit is pending).
16      The Clerk of the Court shall enter judgment in accordance with
17 this Order and close the file.  No filing fee is due.
18      IT IS SO ORDERED.
19
Dated: 6/12/07                    _____
20                                 CLAUDIA WILKEN
                                   UNITED STATES DISTRICT JUDGE

*United States District Court — For the Northern District of California*

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOSE M. BUROARA,

        Plaintiff,

  v.

SAN QUENTIN STATE PRISON et al,

        Defendant.

Case Number: CV07-00616 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 12, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose M Buroara V45958
San Quentin State Prison
San Quentin, CA 94974

Dated: June 12, 2007

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk

4